UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

SCOTT W. VEALE and           :
DAVID T. VEALE               :
                             :
    v.                       :   C.A. No. 1:02-MC-11-S
                             :
UNITED STATES OF AMERICA, et. al.  :

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

Pending before the Court is the Motion for Leave to File Federal Tort Claim filed on March 23, 2011 by Plaintiffs Scott W. Veale and David T. Veale. (Document No. 38). Plaintiffs are prolific filers in the state and federal courts of New Hampshire. In 1999, Judge Steven J. McAuliffe of the District of New Hampshire noted that "they have initiated or been a party to some 89 separate cases in state and federal court from 1982 through [1999]." Veale v. United States, No. CV 98-441-M, 1999 WL 814334 at *1 (D.N.H. Sept. 1, 1999). Judge McAuliffe went on to note that "[v]irtually all of those cases concern, or arise from, or are said to relate to plaintiffs' unswerving belief that a vast and all-encompassing conspiracy exists, singularly devoted to depriving them of their rights to property in the Town of Marlborough, and visiting upon them every conceivable type of legal injury to punish them for pursuing those claimed property rights." Id. He then entered an Order prohibiting Plaintiffs from filing any new suits or actions "regarding any conspiracy claims, or other claims, raising matters previously litigated, particularly concerning the alleged conspiracy to deprive them of claimed rights to property in the Town of Marlborough, without first obtaining leave from this court." Id. at *5.

Presently before the Court is Plaintiffs' Motion for Leave to File Federal Tort Claim which appears to raise many of the same issues identified in the 1999 Order. The "Statement of the Case," for example, indicates that this matter concerns "the issue of ownership" of properties in Marlborough and Bennington, New Hampshire (Document No. 38-1 at p. 3). Plaintiffs also allege, inter alia, that the New Hampshire state and federal courts "have repeatedly refused to address the underlying merits of the Plaintiffs' property interests in numerous prior cases and made erroneous legal errors contrary to the facts of this case and wrongfully dismissed each case...." Id. The allegations Plaintiffs set forth in their proposed Complaint concern the same subject matter that they are prohibited from relitigating in new lawsuits. In an effort to circumvent the restrictions placed in the 1999 Order, Plaintiffs claim that "the issues raised here were never addressed in any prior federal court case," but Plaintiffs do not elaborate on why the issues raised should be considered "new" or otherwise distinguish the claims raised in the present case from those which Judge McAuliffe prohibited them from relitigating without leave of court. In fact, Judge McAuliffe's Order requires them to do so and requires that Plaintiffs' motions for leave to file "shall clearly and concisely state how the subject matter of the proposed suit differs from, or why it is unrelated to, the subject matter of previous litigation instituted by them, or either of them, in federal or state court." Veale v. United States, 1999 WL 814334 at *5. Plaintiffs' Motion for Leave fails to do so and thus violates Judge McAuliffe's Order and is presumed to be yet another repetitive claim.

Moreover, there is another legal defect, i.e., timeliness under the Federal Tort Claim Act ("FTCA"), which appears on the face of the proposed Complaint. Plaintiffs apparently filed their administrative claim with the Administrative Office of the U.S. Courts in May 2010 and received a notification of denial of their claim and a right to file suit in September 2010. Although Plaintiffs filed suit in federal court within the six-month time line provided in their notice of right to sue, the

facts which apparently give rise to their proposed FTCA claim occurred "as far back as 1979" according to Plaintiffs. (Document No. 38-1 at p. 4). Thus, these alleged events took place outside the FTCA's strict two-year limitations period, and Plaintiffs are barred from litigating them now. See Lazarini v. United States, 898 F. Supp. 40, 44 (D.P.R. 1995). In light of the Plaintiffs' failure to distinguish these claims from the past claims they are barred from relitigating, and since the claims appear to be barred by the FTCA's statute of limitations I recommend that the Motion for Leave to File (Document No. 38) be DENIED.

**Conclusion**

For the reasons stated, I recommend that Plaintiffs' Motion for Leave to File Federal Tort Claim (Document No. 38) be DENIED. Plaintiffs' Motions to Proceed In Forma Pauperis have also been referred to me for determination. (Document Nos. 39 and 40). Because I recommend that the Motion for Leave be DENIED, I find that the Motions to Proceed IFP are moot and should be DENIED on that basis.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72; LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 25, 2011