UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| SCOTT W. VEALE and | : |
| DAVID T. VEALE | : |
| | : |
| v. | :    C.A. No. 1:02-MC-11 |
| | : |
| UNITED STATES OF AMERICA, et. al. | : |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before the Court is Plaintiffs Scott W. Veale and David T. Veale's Amended Motion for Leave to File Federal Tort Claim. (Document No. 51). This matter has been referred to me for preliminary review, findings and recommended disposition. See 28 U.S.C. § 636(b)(1)(B); LR Cv 72.1.

**Discussion**

On March 23, 2011, Plaintiffs filed their Motion for Leave to File Federal Tort Claim. (Document No. 38). That Motion is the subject of a Report and Recommendation dated April 25, 2011 which recommended that it be denied. (Document No. 49). On May 12, 2011, Plaintiffs filed three additional motions: the present Amended Motion for Leave, an Objection to the Report and Recommendation (Document No. 50) and a Motion for Court Appointed Counsel. (Document No. 52). On May 17, 2011, Chief Judge Lisi entered an Order approving the Report and Recommendation over objection and denying, inter alia, the Motion for Leave. (Document No. 53).

Both the Objection and the Amended Motion improperly seek to reargue the matters presented in the initial Motion for Leave. In the Objection, for example, Plaintiffs note that they "have had a very extremely difficult time representing the facts of their case to this Court without adequate counsel."

Document No. 50, ¶ 1.  They also request that the Court review the Amended Motion "in support of the Objection."  Id ¶ 2.

This Court recommended that the initial Motion be denied because it failed to comply with Judge McAuliffe's 1999 Order placing conditions on Plaintiffs' ability to file new lawsuits and additionally because the claims presented appeared to be untimely under the Federal Tort Claim Act ("FTCA").  Although Plaintiffs purport to present additional information in their Amended Motion, their Amended Motion fails to set forth any new facts that alter the Court's analysis. The Amended Motion does little more than reargue the matters previously presented to the Court and thus fails for the same basic reasons.  Moreover, the District Court reviewed and overruled their Objection and approved the Report and Recommendation, which they have requested be considered in conjunction with the Amended Motion.  At this point, therefore, Plaintiffs' sole recourse is to file an appeal should they wish to challenge the District Court's Order.

**Conclusion**

For the reasons stated, I recommend that Plaintiffs' Amended Motion for Leave to File Federal Tort Claim (Document No. 51) be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72; LR Cv 72.1.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 27, 2011